## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2018, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bradford M. Crowder,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 18, 2018

Court of Appeals Case No. 18A-CR-1024

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No. 02D06-1104-FA-24

**Najam, Judge.**

# Statement of the Case

Bradford M. Crowder appeals his sixty-one-year aggregate sentence after he had pleaded guilty to twelve sex-related offenses involving his minor daughter, S.G. Crowder raises a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

# Facts and Procedural History

On April 13, 2011, Jennifer Crowder, Crowder's wife and S.G.'s step-mother, contacted the Fort Wayne Police Department after she had observed a video on Crowder's phone of Crowder "engaged in sex acts with" S.G. Appellant's App. Vol. II at 44. Jennifer took S.G. to a police station, and S.G. informed officers that Crowder "had made her perform oral sex on him, fondle his penis, and pose for pictures where she was not full[y] clothed." *Id.* S.G. further stated that "this had been happening since the beginning of last school year," when S.G. was thirteen years old, and that Crowder "had[ ]told her that if she told anyone that he would hurt her." *Id.* She also stated that Crowder "had given her money on at least one occasion in the form of $2.00 to . . . put his penis into her mouth," and that "on several occasions he tried," unsuccessfully, "to put his penis into her vagina." *Id.*

Officers obtained a search warrant for Crowder's phone. They discovered "at least 8 videos showing [Crowder] with his penis in S.G.['s] mouth, S.G. masturbating as he filmed, [and Crowder] appearing to have intercourse with S.G. . . ." *Id.* The videos had been filmed in Crowder's house. Officers

arrested Crowder, and he "admitted to having his daughter S.G. perform oral sex on him on several occasions throughout the past year or so," beginning when she was thirteen years old. *Id.* Crowder further "admitting to filming these acts on his cell phone," and that "he knew his actions were wrong." *Id.* And he admitted that "he never penetrated her vagina with his penis, but it was close." *Id.*

[4]     The State charged Crowder with thirteen counts, and he pleaded guilty to the following twelve counts about four months later:

- Count II:  child molesting, as a Class C felony;
- Count III:  sexual misconduct with a minor, as a Class B felony;
- Count IV:  sexual misconduct with a minor, as a Class B felony;
- Count V:  sexual misconduct with a minor, as a Class B felony;
- Count VI:  sexual misconduct with a minor, as a Class C felony;
- Count VII:  sexual misconduct with a minor, as a Class C felony;
- Count VIII:  sexual misconduct with a minor, as a Class D felony;
- Count IX:  child exploitation, a Class C felony;
- Count X:  child exploitation, a Class C felony;
- Count XI:  child exploitation, a Class C felony;
- Count XII:  child exploitation, a Class C felony;
- Count XIII:  vicarious sexual gratification, as a Class D felony.

Crowder conceded that each of the charges to which he had pleaded guilty was "separate and distinct" from the other charges. Sent. Tr. at 11-13; *see also* Guilty Plea Tr. at 29-30.

[5]     S.G. submitted a victim impact statement to the trial court. In her statement, S.G. described how Crowder "treated [her] . . . like a girlfriend" and "kept [her]

under lock and key." Appellee's App. Vol. 2 at 2. She described how Crowder implemented a "process" of sexual abuse that began "when [she] hit puberty" with "a back rub," which progressed to having "his hand . . . go down a little further." *Id.* Crowder would "do it at night when he thought [S.G.] was asleep." Crowder "did this . . . for a couple of years," but around the time S.G. turned fourteen "he began being more sexual" and would "make [S.G.] touch him and perform oral sex and other sexual acts . . . ." *Id.* On one occasion, S.G. recalled her infant brother "screaming in the background." *Id.* During the acts, S.G. "thought [she] was in trouble and that this was . . . punishment." *Id.* Because of Crowder's acts, S.G. "learned to shut [her] feelings off and not feel anything," she is "afraid to have a boyfriend," and she has "lost [her] family." *Id.* at 2-3. She asked that, "[i]f he is released from prison," she "be notified so that [she] can hide from him." *Id.* at 3.

[6] Following a sentencing hearing, the trial court stated as follows:

> The court does accept as mitigating circumstances your plea of guilty and acceptance of responsibility. You did in fact plead guilty, you have accepted responsibility for your behavior[,] and those are entitled to mitigation . . . . You have expressed remorse in court as well as in the letter that you submitted to the court this morning. I will accept that remorse at face value . . . . Your attorney further asked that I consider that these offenses be considered a single episode of conduct to justify concurrent sentencing and I think the case law clearly indicates that that is not correct.
>
> The court does find as aggravating circumstances your criminal record covering a period of time from 1998 to 2011 where you've

got three misdemeanors, three felony convictions[,] and an active warrant for your arrest out of Duvall County in Florida. . . . I agree with the State, this is not a horrible criminal record . . . but I give it some minor aggravating weight . . . . The more serious aggravator . . . is the extraordinary impact that this has had on your daughter. The violation of the position of trust that you were in and the nature of the crimes that you committed. . . . You have virtually destroyed this child. . . . She was taken from her mother and placed in your care and instead of taking care of her you abused her and violated her in the most egregious, heinous, and disgusting way possible and then you videotaped it. Children are supposed to be safe with their parents . . . . She lost her family, she can't be with her brother and sister anymore, her step-mother is no longer acting like a mother because she's angry about this and supporting you and she doesn't have a dad anymore. [W]hen the legislature defined the crimes that you're charged with . . . they considered the impact on potential victims and what you did . . . far exceeds, far exceeds that which is normally associated with Class B, Class C[,] and Class D felonies. . . . Th[ese] were separate dates, separate times . . . where you groomed her and then took advantage of her . . . . Any one of the aggravating circumstances that I've identified would justify the imposition of enhanced and consecutive sentences but I consider the violation of trust [and] the extraordinary impact that your conduct has had on your child and the nature and circumstances of [t]he crime[s] sufficient to justify consecutive sentencing.

Sent. Tr. at 24-28. The court then ordered Crowder to serve the advisory sentence for each conviction, with each sentence to run consecutively for an aggregate term of sixty-one years in the Department of Correction. This appeal ensued.

# Discussion and Decision

[7] Crowder asserts that his aggregate sentence of sixty-one years in the Department of Correction is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." As the Indiana Supreme Court has explained, the "principal role of appellate review" under Rule 7(B) "should be to attempt to leaven the outliers" and not to "achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant has the burden to persuade us that his sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007).

[8] Crowder pleaded guilty to twelve offenses, which consisted of three Class B felonies, seven Class C felonies, and two Class D felonies. As such, Crowder faced a maximum sentence of eighty-nine years. *See* Ind. Code §§ 35-50-2-5 to -7 (2011). However, after giving mitigating weight to Crowder's guilty plea, his acceptance of responsibility, and his expression of remorse, and some aggravating weight to Crowder's criminal history, his violation of a position of trust, the extraordinary impact Crowder's conduct has ad on the victim, and the nature and circumstances of his offenses, the court ordered Crowder to serve just sixty-one years. Specifically, the court ordered him to serve the advisory sentence for each offense, but the court ordered each sentence to run consecutive to the others.

[9]     On appeal, Crowder asserts that his sentence is inappropriate in light of the nature of the offenses because several of the offenses were so closely connected in time, place, and circumstance as to have been a single episode of criminal conduct, which would limit Crowder's sentence for those offenses to not more than the advisory sentence for the next highest class of felony. *See* I.C. § 35-50-1-2(c). We reject this argument. Crowder expressly conceded to the trial court that each of the offenses to which he had pleaded guilty was "separate and distinct" from each other offense. Sent. Tr. at 11-13; *see also* Guilty Plea Tr. at 29-30. Accordingly, we cannot say that Crowder's sentence is inappropriate in light of the nature of the offenses.

[10]    Crowder also asserts that his sentence is inappropriate in light of his character because his criminal history does not include prior sex or violent offenses. Be that as it may, he does have three prior felony convictions. And, regardless, like the trial court we agree that Crowder's prior criminal history is not as important to his sentence as his violation of his position of trust over S.G., the extraordinary impact of his conduct on his daughter, and the egregious nature and circumstances of his offenses, all of which reflect poorly on his character. Thus, we cannot say that his aggregate term of sixty-one years in the Department of Correction is inappropriate, and we affirm his sentence.

[11]    Affirmed.

Crone, J., and Pyle, J., concur.